# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RHETT R. SMITH,** | : | |
| | : | |
| Plaintiff | : | Civil Action No. 1:08-cv-00745 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **PENNSYLVANIA** | : | |
| **SECRETARY OF STATE** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff Rhett R. Smith's complaint (Doc. No. 1) and motion for leave to proceed *in forma pauperis* (Doc. No. 1, Ex. 1). In his complaint, filed April 22, 2008, Plaintiff alleges that the Pennsylvania Secretary of State, or, more precisely, Secretary of the Commonwealth, "violates plaintiff's First Amendment by 'establishment of religion' [sic] in the upcoming [sic]—April 22, 2008—presidential primary election in that only 'Christian-Zionists' are presented." (Doc. No. 1, at 1). Plaintiff, who bills himself as "a non-Zionist candidate for President of the United States," asks the Court to "recognize" his candidacy. (Id..) For the reasons that follow, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim.

**I.    DISCUSSION**

    **A.    Proceedings** *In Forma Pauperis*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). In the courts of this circuit, leave to proceed *in*

*forma pauperis* is based upon a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). A plaintiff seeking leave must file an affidavit of poverty with the court, disclosing every source of income, financial account, and valuable property, as well as the amount of any financial support of dependent persons. The court then conducts a thorough review of the affidavit and, provided it is satisfied that the plaintiff is without sufficient resources to pay the costs and fees of the proceeding, grants leave to proceed *in forma pauperis*. Id.

In his affidavit, Plaintiff indicates that he is presently employed at an hourly rate of $8.75, which equates to a monthly income of approximately $1,440. (Doc. No. 1, Ex. 1, at 1.) His only assets are an automobile valued at $3,000 and $5,000 in United States currency. (Id.) Plaintiff further attests to debts totaling more than $30,000. (Id.) Based upon these figures, the Court finds that Plaintiff is without sufficient resources to pay the costs and fees of the proceeding. Accordingly, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*.

  **B.**  **Merits Analysis Under 1915(e)(2)**

Having determined that Plaintiff is entitled to proceed *in forma pauperis*, the court is next required to assess the sufficiency Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) prior to service of process. Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or

>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  In considering whether to dismiss a case under § 1915(e)(2)(B)(ii) for failure to state a claim, courts apply the same standards as they would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Tourscher v. McCollough, 184 F.3d 236, 240 (3d Cir. 1999).[1]

In purely practical terms, "recogniz[ing] Plaintiff as a candidate," would entail to halting or at least delaying the presidential primary, currently underway in the Commonwealth's sixty-seven counties.  Even if the Court were capable of accomplishing such a feat at so late an hour, none of the three sentences in Plaintiff's complaint provides a sufficiently compelling reason to do so.  Indeed, the only discernable reason for recognizing Plaintiff as a candidate is an amorphous claim that the presidential primary somehow violates his First Amendment rights.  (Doc. No. 1, at 1.)  Accordingly, the Court will dismiss Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Furthermore, the Court will not permit Plaintiff to amend his complaint, as doing so would most certainly prove futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) ("[P]laintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile.").  An appropriate order follows.

---

[1] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHETT R. SMITH,** : | |
| : | |
| Plaintiff : | Civil Action No. 1:08-CV-00745 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **PENNSYLVANIA** : | |
| **SECRETARY OF STATE** : | |
| : | |
| Defendant : | |

## ORDER

**AND NOW**, on this 22nd day of April, 2008, upon due consideration of Plaintiff's complaint (Doc. No. 1) and motion for leave to proceed *in forma pauperis* (Doc. No. 1, Ex. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 1, Ex. 1) is **GRANTED**.

2. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk of Court shall **CLOSE** the file.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

        s/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania